Camille J. Kassar, Esquire
Law Offices of Camille J. Kassar, LLC
35 Northwest Street
Lincoln Park, NJ 07035
973-879-6351 | Fax: 973-860-2448
Email: locklawyers@gmail.com
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: Michael J. Colao<br>Debtor. | Case No. 26-18697 (SLM)<br>Chapter 7<br>Hon. Stacey L. Meisel |

**CERTIFICATION OF DEBTOR'S COUNSEL IN SUPPORT OF MOTION TO REINSTATE CHAPTER 7 CASE**

I, Camille J. Kassar, Esquire, counsel for the Debtor, hereby certify as follows:

1. I am counsel for the Debtor, Michael J. Colao, in the above-captioned Chapter 7 bankruptcy case. I make this Certification in support of the Debtor's Motion to Reinstate her Chapter 7 case and to vacate the Order of Dismissal.

2. The Debtor's Chapter 7 bankruptcy case was filed on July 31, 2026.

3. The case was dismissed on September 9, 2026, for failure to file the Debtor's Certificate of Credit Counseling.

4. At the time the bankruptcy case was prepared for filing, Counsel had scanned the Debtor's Certificate of Credit Counseling for inclusion with the documents to be uploaded and filed with the Court. Counsel believed in good faith that the bankruptcy case had been filed in its entirety, including the Certificate of Credit Counseling.

5. Counsel subsequently learned that the Certificate of Credit Counseling had not, in fact, been filed with the Court.

6. Compounding this administrative error, Counsel's prior email address associated with the Court's ECF system was no longer functioning. As a result, Counsel did not receive the electronic notice concerning the deficiency and subsequent dismissal of the Debtor's case.

7. Counsel did not become aware that the case had been dismissed, or that the Certificate of Credit Counseling had not been filed, until after the dismissal, when the Debtor recently contacted Counsel regarding the status of his bankruptcy case.

8. Upon discovering the omission, Counsel promptly addressed the matter. The Debtor's Certificate of Credit Counseling has now been filed with the Court, and the deficiency that resulted in the dismissal has therefore been corrected.

9. Counsel has also updated Counsel's email address in the Court's ECF system so that future notices from the Court are received at the correct and functioning email address. Counsel does not anticipate that this issue will recur.

10. The failure to file the Certificate of Credit Counseling was inadvertent and resulted from an unintentional administrative error. It was not an intentional failure to comply with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the directives of this Court.

11. The Debtor desires to continue with her Chapter 7 bankruptcy case and respectfully requests that he be permitted to proceed with her Chapter 7 reorganization.

12. Counsel humbly apologizes to the Court for this unintentional administrative error and respectfully requests that the Court accept the now-filed Certificate of Credit Counseling and permit the Debtor's case to proceed.

13. Accordingly, the Debtor respectfully requests that this Court enter an Order vacating the September 9, 2026 Order of Dismissal, reinstating the Debtor's Chapter 7 case, and granting such other and further relief as the Court deems just and appropriate.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 29, 2026

/s/ Camille J. Kassar, Esq.
CAMILLE J. KASSAR, ESQUIRE
Attorney for Debtor